IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

FILED

SEP 24 2010

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | | |
|---|---|---|
| DENNIS R. HAMMOND and | ) | |
| SHELIA C. HAMMOND, Individually and | ) | |
| as Trustee under INDENTURE OF | ) | |
| TRUST OF SHELIA C. HAMMOND, | ) | |
| | ) | |
| Plaintiffs-Relators, | ) | |
| | ) | Case No. 10SL-CC02313 |
| vs. | ) | |
| | ) | Division 41 |
| THE CITY OF LADUE, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

## AMENDED VERIFIED PETITION

COMES NOW Plaintiffs-Relators Dennis R. Hammond and Shelia C. Hammond, individually and as Trustee under Indenture of Trust of Shelia C. Hammond dated December 12, 2001 (hereinafter referred to collectively as "Plaintiffs"), by and through their counsel, Polsinelli Shughart PC, and for their Amended Petition for Administrative Review and Writ of Certiorari against Defendants pursuant to Sections 536.100 *et seq.* and 89.100 *et seq.* of the Revised Statutes of Missouri, and for their other causes of action, state and allege as follows:

### COUNT I — ADMINISTRATIVE REVIEW

1.     Plaintiff Dennis R. Hammond is an individual residing in the County of St. Louis, Missouri at 9948 Litzsinger Road, Ladue, Missouri 63124 (the "Property").

2.     Plaintiff Shelia C. Hammond is an individual residing in the County of St. Louis, Missouri at 9948 Litzsinger Road, Ladue, Missouri 63124 and is the Trustee under the Indenture of Trust of Shelia C. Hammond dated December 12, 2001, the owner of the Property.

3.     Defendant City of Ladue, Missouri is a fourth class city organized and existing in accordance with Missouri law.

4.     Defendant City of Ladue, Missouri Zoning Board of Adjustment (hereinafter referred to as "Zoning Board of Adjustment") is a board established by the City of Ladue to hear appeals for variances from the strict application of the Ladue Zoning Code.

5.     Defendants Stanley Walch, Art Bond, Robbye Toft, Dianne Lochner, David Schlafly and Carl Tegtmeier are all members of the Zoning Board of Adjustment.

6.     The Property is currently zoned Residential A under the City of Ladue zoning code.

7.     In 2009, Plaintiffs filed an application with the City of Ladue for a building permit to construct a gate on their Property.

8.     On or about May 11, 2009, the building permit application for the gate was denied because it purportedly violated the Zoning Ordinance of the City of Ladue, Missouri, Ordinance #1175 (the "Zoning Ordinance"), Section IV-(G)-(1)(d), which prohibits the construction of a gate across, over or adjacent to any driveway within a front yard or required front yard (a "Residential Driveway Gate") on any property in the City of Ladue.

9.     On or about April 26, 2010, and in compliance with the Zoning Ordinance, Plaintiffs filed a Petition with the Zoning Board of Adjustment for a variance from a blanket prohibition on Residential Driveway Gates as set forth in Zoning Ordinance, Section IV-(G)-(1)(d) (the "Petition for Variance").

10.     On or about June 7, 2010, the Zoning Board of Adjustment held a public hearing to consider Plaintiffs' Petition for Variance.

2

11.     At the public hearing, evidence was adduced by Plaintiffs and/or their representative which established a hardship and practical difficulties that justified the granting of the requested variance, including but not limited to the following:

    A.    Plaintiffs have experienced pedestrian trespassers on their Property that have caused Plaintiffs to fear for their safety.

    B.    The Property is situated on a narrow roadway with poor lighting, near an intersection such that Plaintiffs frequently experience motorist trespassers on their Property that cause Plaintiffs to fear for their safety and that disturb Plaintiffs' privacy.

12.     At the public hearing, evidence was adduced and submitted that the Zoning Board of Adjustment had, prior to Plaintiffs filing their application for a variance, granted the same variance requested by Plaintiffs to similarly situated applicants.

13.     Despite the submission of evidence establishing a hardship and practical difficulties justifying the granting of a variance and despite that fact that the Zoning Board of Adjustment had previously granted the same variance requested by Plaintiffs to similarly situated applicants, the Zoning Board of Adjustment voted to deny Plaintiffs' Petition for Variance.

14.     The Court has jurisdiction over this matter pursuant to Section 536.100 *et seq.* of the Revised Statutes of Missouri in that the Petition for Variance was purportedly denied as an administrative act of the Zoning Board of Adjustment in a contested case.

15.     The denial of the Petition for Variance was unsupported by competent and substantial evidence, was arbitrary and capricious, unreasonable and involved an abuse of discretion, and was not otherwise authorized by law.

060777/416210-3168534.4

WHEREFORE, Plaintiffs pray that this Court enter judgment:

A.    Issuing an order directing the Zoning Board of Adjustment to certify to this Court a true and complete record of the proceedings in the case for review as provided herein;

B.    Reversing the Zoning Board of Adjustment's decision denying the Petition for Variance;

C.    Ordering, adjudging and decreeing that the Zoning Board of Adjustment vary or modify the application of Section IV (G)-(1)(d) of the Zoning Ordinance to allow for the construction and maintenance of the gate requested by Plaintiffs;

D.    Awarding Plaintiffs their attorneys' fees incurred in prosecuting this action, together with their costs expended therein; and

E.    For such other and further orders as this Court may deem just and proper in the premises.

## COUNT II— WRIT OF CERTIORARI

16.    Plaintiffs restate the allegations of paragraphs 1 through 15 as if fully set forth herein.

17.    The Zoning Board of Adjustment's denial of the Plaintiffs' Petition for Variance was not supported by competent or substantial evidence.

18.    At the public hearing, evidence was adduced that Plaintiffs established a hardship and practical difficulties that justified the granting of the requested variance.

19.    The Zoning Board of Adjustment's denial of the Plaintiffs' Petition for Variance was arbitrary, capricious, unreasonable, unlawful, and in excess of its jurisdiction.

4

20.     At the public hearing, evidence was adduced establishing that the Zoning Board of Adjustment had previously granted the same variance requested by Plaintiffs to similarly situated applicants.

21.     Despite the submission of evidence establishing a hardship and practical difficulties justifying the granting of a variance and despite that fact that the Zoning Board of Adjustment had previously granted the same variance requested by Plaintiffs to similarly situated applicants, the Zoning Board of Adjustment voted to deny Plaintiffs' Petition for Variance.

22.     This Court has jurisdiction herein pursuant to Section 89.100 *et seq.* Revised Statutes of Missouri.

WHEREFORE, Plaintiffs pray that this Court enter judgment:

A.     Issuing a Writ of Certiorari directed to the Zoning Board of Adjustment requiring it to certify to this Court a true and complete record of the proceedings in this case for review as provided herein;

B.     Reversing the Zoning Board of Adjustment's decision denying the Petition for Variance;

C.     Ordering, adjudging and decreeing that the Zoning Board of Adjustment vary or modify the application of Zoning Ordinance Section IV-(G)-(1)(d) to allow for the construction and maintenance of the gate requested by Plaintiffs;

D.     Awarding Plaintiffs their attorneys' fees incurred in prosecuting this action, together with their costs expended therein; and

E.     For such other and further orders as this Court may deem just and proper in the premises.

## COUNT III — DECLARATORY JUDGMENT AND INJUNCTION

23.     Plaintiffs restate the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.     Prior to 2004, the City of Ladue purported to prohibit the construction of Residential Driveway Gates in the City of Ladue.

25.     In 2004, the City of Ladue amended its Zoning Ordinance by adopting Section IV-(G)-(1)(d) which expressly prohibits the construction of a Residential Driveway Gate in the City of Ladue.

26.     Pursuant to § 89.020 RSMo (2009), the City of Ladue is empowered to enact regulations for the purpose of promoting health, safety, morals or the general welfare of the community.

27.     Section IV-(G)-(1)(d) is contrary to the health, safety, morals and the general welfare of the community because it prohibits the citizens of the City of Ladue from protecting themselves and their properties.

28.     Pursuant to § 89.040 RSMo (2009), such regulations must, among other things, be in accordance with the City of Ladue's Comprehensive Plan.

29.     Section IV-(G)-(1)(d) is contrary to the City of Ladue's Comprehensive Plan because it does not promote the retention of existing Residential A housing character or the maintenance of the City of Ladue's existing character.

30.     The right to exclude others from his property is essential to an owner's property rights.

31.     Section IV-(G)-(1)(d) is contrary to this essential property right.

6

32.     There are currently many existing Residential Driveway Gates in the City of Ladue, and particularly in Residential A zones.

33.     Upon information and belief, the City of Ladue has granted variances or otherwise allowed residents similarly situated to Plaintiffs to construct and maintain Residential Driveway Gates prior to and subsequent to the adoption of Section IV-(G)-(1)(d), including but not limited to variances allowed at 10 Trent Drive and 2241 S. Warson Road.

34.     Upon information and belief, the City of Ladue has allowed certain residents to construct and maintain Residential Driveway Gates without even requiring a variance.

35.     Section IV-(G)-(1)(d) is otherwise contrary to law as set forth herein in Count IV, Count V, Count VI, and Count VII.

36.     As applied to the Property, Zoning Ordinance, Section IV-(G)-(1)(d) is invalid, illegal, unconstitutional and void for, *inter alia*, the following reasons:

   A.   Section IV-(G)-(1)(d) is unreasonable, arbitrary and capricious in that it is inconsistent with the character of the community and is not required to promote the public safety, health, convenience, comfort, morals, propriety or general welfare of the citizens of the City of Ladue.

   B.   The City of Ladue's approval of Section IV-(G)-(1)(d) was not justified under the circumstances and was arbitrary and capricious in that the permissive use of Residential Driveway Gates in the City of Ladue did not endanger the public health, safety, welfare, commerce, comfort, morals, propriety or general welfare of the City of Ladue and would not adversely affect the value of properties within the community in which the Property is located.  In fact, the permissive use of Residential Driveway Gates in the City of Ladue would promote public health,

7

safety, welfare, comfort, morals, propriety and general welfare of the City of Ladue and its citizens, and positively affect the value of properties within the community in which the Property is located.

C.   Section IV-(G)-(1)(d) is unreasonable and not justified under the circumstances in that it is inappropriate and inconsistent with the surrounding land use.

D.   Section IV-(G)-(1)(d) exists in violation of the Equal Protection clauses of the United States and Missouri constitutions as set forth herein in Count IV.

E.   Section IV-(G)-(1)(d) exists in violation of the Due Process clauses of the United States and Missouri constitutions as set forth herein in Count V.

F.   The adoption of Section IV-(G)-(1)(d) is an unconstitutional deprivation of Plaintiffs' property rights and without basis in the law as set forth herein in Count VI and Count VII.

37.   Any public interest served in Section IV-(G)-(1)(d) is outweighed by the detriment to Plaintiffs.

38.   Plaintiffs have no adequate remedy at law to compel the City of Ladue to cease its unreasonable, arbitrary and capricious conduct and zoning of the Property.

39.   Plaintiffs will suffer irreparable harm, damage and injury unless the City of Ladue is enjoined from enforcing Zoning Ordinance Section IV-(G)-(1)(d) as currently applied to the Property as Section IV-(G)-(1)(d) is declared invalid, unconstitutional and void.

WHEREFORE, Plaintiffs pray this court enter judgment in their favor and against City of Ladue as follows:

a)   Declaring Zoning Ordinance Section IV-(G)-(1)(d), both facially and as applied to the Property, invalid, unconstitutional and void;

060777/416210-3168534.4

b) Entering a permanent injunction regarding the City of Ladue to repeal Section IV-(G)-(1)(d);

c) Restraining and enjoining the City of Ladue, its officers, agents and employees from enforcing Section IV-(G)-(1)(d) as applied to the Property;

d) Awarding Plaintiffs their attorneys' fees incurred in prosecuting this action, together with their costs expended therein; and

e) Ordering such other and further relief as this Court deems just and proper in the premises.

## COUNT IV -- EQUAL PROTECTION

40. Plaintiffs restate the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. Section IV-(G)-(1)(d) exists in violation of the Equal Protection clauses of the United States and Missouri constitutions because it unconstitutionally burdens non-subdivision dwellers by prohibiting the use of Residential Driveway Gates without a rational relation to a legitimate government interest.

42. At all times relevant herein, the Zoning Ordinance has not prohibited the construction of a subdivision entry gate in the City of Ladue.

43. There are currently many existing subdivision entry gates in the City of Ladue.

44. Section IV-(G)-(1)(d) exists in violation of the Equal Protection clauses of the United States and Missouri constitutions, because it discriminates, without a rational basis, between (i) subdivision-dwellers, and (ii) non-subdivision dwellers.

45. The former class is allowed to protect their properties through the construction and use of gates, whereas the latter class is prohibited from doing so.

9

46.     Further, the actions taken by the Zoning Board of Appeals were done in contravention of the Equal Protection clauses of the United States and Missouri constitutions because the Zoning Board of Appeals intentionally treated Plaintiffs differently than similarly situated individuals, without a rational basis.

47.     Upon information and belief, the Defendants have repeatedly granted variances or otherwise allowed residents similarly situated to Plaintiffs to construct and maintain Residential Driveway Gates prior to and subsequent to the adoption of Section IV-(G)-(1)(d), including but not limited to variances allowed at 10 Trent Drive and 2241 S. Warson Road.

48.     Upon information and belief, the City of Ladue has allowed similarly situated residents to construct and maintain Residential Driveway Gates without even requiring a variance.

49.     Further, upon information and belief, the Zoning Board of Appeals has granted a variance to a similarly situated resident who maintained business relationships with two members of the Zoning Board of Appeals.

50.     The Equal Protection clauses of the United States and Missouri constitutions entitle Plaintiffs to receive the same treatment as those similarly situated.

51.     The Zoning Board of Adjustment's denial of the Petition for Variance unconstitutionally and intentionally singled Plaintiffs out for discriminatory treatment that was invidiously dissimilar to that of others similarly situated.

52.     The Zoning Board of Adjustment had no rational basis for treating Plaintiffs differently from those similarly situated.

060777/416210-3168534.4

53.     Rather, the Zoning Board of Adjustment denied Plaintiffs' requested variance for improper purposes that were arbitrary, capricious, and made with a reckless and callous disregard for Plaintiffs' rights under the Missouri and United States constitutions.

54.     This discriminatory treatment is in violation of Plaintiffs' rights to equal protection under Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States and 42 U.S.C. § 1983.

55.     At all times relevant herein, the Zoning Board of Adjustment was acting under the color and authority of the law of the State of Missouri, and pursuant to the policies, regulations or decisions officially adopted or promulgated by the City of Ladue, whose acts may fairly be said to represent official policy.

56.     Plaintiffs are entitled to bring this claim to vindicate their rights under the Missouri and United States constitutions both under Missouri law and pursuant to federal law, particularly 42 U.S.C. § 1983, which also entitles Plaintiffs to an award of their reasonable attorneys' fees incurred in the enforcement of Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request this Court to:

A.     Declare the Defendants' discriminatory and unfair treatment of Plaintiffs as unconstitutional and invalid;

B.     Enter judgment for Plaintiffs, and against the Defendants, jointly and severally;

C.     Restrain and enjoin the City of Ladue, its officers, agents and employees from enforcing Section IV-(G)-(1)(d) as applied to the Property;

D.     Award Plaintiffs damages in excess of $25,000 to reasonably compensate them;

E.     Award Plaintiffs attorneys' fees incurred in prosecuting this action, together with their costs expended herein; and

060777/416210-3168534.4

F.      Grant such other and further relief as this Court deems just and proper.

COUNT V – SUBSTANTIVE DUE PROCESS

57.     Plaintiffs restate the allegations of paragraphs 1 through 56 as if fully set forth herein.

58.     Plaintiffs, as property owners, have a right to be free from arbitrary or irrational zoning action.

59.     This interest is protected by the Due Process clause, Article I, Section 10 of the Missouri Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

60.     The adoption of Section IV-(G)-(1)(d) was arbitrary and irrational in that it is contrary to the health, safety, morals, and general welfare of the community and to the City of Ladue's Comprehensive Plan, and bears no rational relationship to a legitimate state interest.

61.     Further, the Zoning Board of Adjustment's action in denying Plaintiffs their ability to maintain a Residential Driveway Gate was arbitrary and irrational in that Defendants have failed to treat similarly situated applicants the same.

62.     The Zoning Board of Adjustment failed to follow its precedent and instead denied Plaintiffs' Petition for Variance in spite of Plaintiffs' showing of hardship or practical difficulties and in spite of its approval of variances of those similarly situated to Plaintiffs.

63.     The Zoning Board of Adjustment's departure from its precedent and from the City of Ladue's practice in permitting other properties to construct and maintain Residential Driveway Gates violates the substantive protections afforded by the Due Process clauses of the Missouri and United States constitutions.

12

64.     By adopting Zoning Ordinance Section IV-(G)-(1)(d) and/or refusing to approve the Petition for Variance, the City of Ladue prevented Plaintiffs from using and protecting their Property as they are allowed under the law and constitutes a denial of a legal interest without due process within the meaning of the Missouri Constitution Article I, Section 10 and the Fifth and Fourteenth Amendments to the United States Constitution.

65.     At all times relevant herein, Defendants were acting under the color and authority of the law of the State of Missouri, and pursuant to the policies, regulations or decisions officially adopted or promulgated by the City, whose acts may fairly be said to represent official policy.

66.     Defendants knew, or reasonably should have known, that the acts and omissions described above violated Plaintiffs' constitutional rights.

67.     Plaintiffs are entitled to bring this claim to vindicate their rights under the Missouri and United States constitutions both under Missouri law and pursuant to the federal law, particularly 42 U.S.C. § 1983, which also entitles Plaintiffs to an award of their reasonable attorneys' fees incurred in the enforcement of Plaintiffs rights.

WHEREFORE, Plaintiffs respectfully request this Court to:

A.     Declare as unconstitutional and invalid the Defendants' improper denial of variances from Plaintiffs;

B.     Enter judgment for Plaintiffs and against the Defendants, jointly and severally;

C.     Restrain and enjoin the City of Ladue, its officers, agents and employees from enforcing Section IV-(G)-(1)(d) as applied to the Property;

D.     Award Plaintiffs damages in excess of $25,000 to reasonably compensate them;

E.  Award Plaintiffs their attorneys' fees incurred in prosecuting this action, together with their costs expended therein; and

F.  Grant such other further relief as this Court deems just and proper.

## COUNT VI — REGULATORY TAKING

68.  Plaintiffs restate the allegations of paragraphs 1 through 67 as if fully set forth herein.

69.  The City's actions have deprived Plaintiffs of the reasonable and full use and enjoyment of their Property by refusing to allow Plaintiffs to construct a gate on their Property.

70.  By adopting Zoning Ordinance Section IV-(G)-(1)(d) and/or refusing to approve the Petition for Variance, the City of Ladue prevented Plaintiffs from using and protecting their Property as they are allowed under the law, which constitutes a denial of property rights without just compensation within the meaning of the Missouri Constitution Article I, Sections 26 and 28, and the Fifth and Fourteenth Amendments to the United States Constitution.

71.  As a direct and proximate result of the City of Ladue's actions, Plaintiffs have been damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against the Defendants for damages in a reasonable amount in excess of $25,000.00, for interest thereon from the date of the taking, for Plaintiffs' costs and attorneys' fees incurred herein, and for such other and further relief that this Court deems just and proper in the premises.

## COUNT VII — INVERSE CONDEMNATION

72.  Plaintiffs restate the allegations of paragraphs 1 through 71 as if fully set forth herein.

federal law, particularly 42 U.S.C. § 1983, which also entitles Plaintiffs to an award of their reasonable attorneys' fees incurred in the enforcement of Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request this Court to:

A.      Declare the Defendants' action set forth herein as unconstitutional and invalid;

B.      Enter judgment for Plaintiffs, and against the Defendants, jointly and severally;

C.      Restrain and enjoin the City of Ladue, its officers, agents and employees from enforcing Section IV-(G)-(1)(d) as applied to the Property;

D.      Award Plaintiffs damages in excess of $25,000 to reasonably compensate them;

E.      Award Plaintiffs attorneys' fees incurred in prosecuting this action, together with their costs expended herein; and

F.      Grant such other and further relief as this Court deems just and proper.

060777/416210-3168534.4

73.     The City of Ladue's refusal to approve Plaintiffs' Petition for Variance and/or its adoption of Zoning Ordinance Section IV-(G)-(1)(d) constitutes a denial of property rights without just compensation within the meaning of the Missouri Constitution Article I, Sections 26 and 28 and the Fifth and Fourteen Amendments to the United States Constitution.

74.     The Ordinance denies a valuable property right which Plaintiffs have to the legal and proper use of their property.

75.     As a direct and proximate result of the above actions, Plaintiffs have been damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against the Defendants for damages in a reasonable amount in excess of $25,000.00, for interest thereon from the date of the taking, for Plaintiffs' attorneys' fees and costs incurred herein, and for such other and further relief that this Court deems just and proper in the premises.

## COUNT VIII - 42 U.S.C. § 1983

76.     Plaintiffs restate the allegations of paragraph 1 through 75 as if fully set forth herein.

77.     The actions taken by the Defendant members of the Zoning Board of Adjustment violated Plaintiffs constitutional rights as set forth herein.

78.     At all times relevant herein, the Zoning Board of Adjustment was acting under the color and authority of the law of the State of Missouri, and pursuant to the policies, regulations or decisions officially adopted or promulgated by the City of Ladue, whose acts may fairly be said to represent official policy.

79.     Plaintiffs are entitled to bring the claims set forth herein to vindicate their rights under the Missouri and United States constitutions both under Missouri law and pursuant to

## VERIFICATION

I, _Robert Selsor_, as attorney and agent for Plaintiffs, being duly sworn, state that the foregoing Amended Petition for Administrative Review, Writ of Certiorari, Equal Protection, Substantive Due Process, Regulatory Taking, Inverse Condemnation, and 42 U.S.C. § 1983 is true and correct to the best of my knowledge, information and belief.

STATE OF MISSOURI )
                   )
CITY OF ST. LOUIS )

On this _24th_ day of September, 2010 before me personally appeared _Robert T. Selsor_, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunder set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_Patricia E. Daft_

PATRICIA E. DAFT
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
ST. CHARLES COUNTY
MY COMMISSION EXPIRES 10-7-2010
COMMISSION #06504850

17

Respectfully submitted,

POLSINELLI SHUGHART PC

By: _____

ROBERT J. SELSOR (#33245)
GRAHAM L.W. DAY (#45687)
KATHERINE R. JONES (#62006)
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
Phone: (314) 889-8000
Fax: (314) 727-7166
E-mails:  rselsor@polsinelli.com
          kjones@polsinelli.com

ATTORNEYS FOR PLAINTIFFS-RELATORS
DENNIS R. HAMMOND AND SHELIA C. HAMMOND,
INDIVIDUALLY AND AS TRUSTEE UNDER
INDENTURE OF TRUST OF SHELIA C. HAMMOND

060777/416210-3168534.4