UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS R. HAMMOND and SHEILA, )
C. HAMMOND, individually and as Trustee )
under INDENTURE OF TRUST OF SHEILA )
C. HAMMOND, )
                                 )
        Plaintiffs, )
                                 )
      vs. )               Case No. 4:10CV1977 JCH
                                 )
THE CITY OF LADUE, MISSOURI, )
CITY OF LADUE, MISSOURI ZONING )
BOARD OF ADJUSTMENT, STANLEY )
WALCH, ART BOND, ROBBYE TOFT, )
DIANNE LOCHNER, DAVID SCHLAFLY, )
and CARL TEGTMEIER, )
                                 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Remand ("Motion"), filed November 17, 2010. (Doc. No. 19). This matter is fully briefed and ready for disposition.[1]

## LEGAL STANDARD

Defendants, as the party seeking removal and opposing remand, have the burden of establishing federal subject matter jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co., 992 F.2d at 183; Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)

---

[1]Defendants filed a Sur-Reply in Opposition to Plaintiffs' Motion to Remand ("Sur-Reply"; Doc. No. 34), which was considered by this Court.

(citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)).

Federal question jurisdiction, under 28 U.S.C. § 1331, exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction can also be obtained if the right to relief depends on the resolution of a substantial question of federal law. See Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir. 1998) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)). However, the plaintiff's well-pleaded complaint controls federal question jurisdiction, not any defense that may be brought by the defendant. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Thus, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 10 (emphasis in original).

## DISCUSSION

On June 10, 2010, Plaintiffs filed a five count petition ("Original Petition") in this matter in the Circuit Court of the City of St. Louis, Missouri (10CC-2313). (Doc. No. 4). In the Original Petition, Plaintiffs sought Administrative Review (Count I), Writ of Certiorari (Count II), Declaratory Judgment and Injunction (Count III), Regulatory Taking (Count IV), and Inverse Condemnation (Count V). On July 30, 2010, attorney John W. Maupin entered his appearance on behalf of all Defendants. (Doc. No. 19-1). On September 24, 2010, Plaintiffs filed an Amended Verified Petition ("Amended Petition"; Doc. No. 5). Therein, Plaintiffs alleged causes of action for Administrative Review (Count I), Writ of Certiorari (Count II), Declaratory Judgment and Injunction (Count III), Equal Protection (Count IV), Substantive Due Process (Count V), Regulatory Taking (Count VI) and Inverse Condemnation (Count VII).

On October 20, 2010, Defendants removed this case to this Court because they claimed that the Amended Petition "for the first time, raises a federal question under 42 U.S.C. §1983." (Notice of Removal, Doc. No. 1, ¶3). Defendants asserted that the 30 day time period for filing a Notice of Removal, pursuant to 28 U.S.C. §1446, had not expired. (Notice of Removal, ¶5).

A.  Proper Service or Waiver of Service

In Plaintiffs' Motion to Remand, they assert that this action should be remanded because Defendants' Notice of Removal was untimely pursuant to 28 U.S.C. §1446(b). Plaintiffs claim that removal was untimely because Defendants did not remove within 30 days of when Defendants' counsel entered his appearance. Plaintiffs assert that Defendants waived formal service when their attorney accepted service of the Original Petition and entered his appearance on behalf of Defendants. See Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); Doney v. CMI Corp., No. 99-1124, 2000 U.S. Dist. LEXIS 6240, at *5-6 (W.D. Mo. May 4, 2000) (citation omitted)(filing of an answer, which did not object to the lack of service, equates to a general entry of appearance, which acts to waive the service requirements); Walker v. Gruner, 875 S.W.2d 587, 588 (Mo. Ct. App. 1994) (**"Absent a general appearance** or other waiver of process by the defendant, there must be service of process in an authorized manner in order for the court to acquire jurisdiction to determine the rights and liabilities of the defendant.")(emphasis added).

In response, Defendants argue that Mr. Maupin entered a general entry of appearance, without their knowledge or authority. (Sur-Reply, pp. 2-3). All of the individual defendants filed affidavits stating that they did not authorize Mr. Maupin to enter his appearance on their behalf.

(Doc. No. 25-1 - 25-7). They claim that Mr. Maupin's general entry of appearance does not negate the formal service requirement to trigger the 30 day removal deadline.

The Court finds that Mr. Maupin's general entry of appearance served as a waiver of the formal service requirements. Defendants previously have not objected to the alleged improper or ineffective service. (Plaintiffs' Reply in Support of Plaintiffs' Motion to Remand ("Reply"), Doc. No. 29, p. 5). Rather, they litigated this case, including filing several motions to dismiss. (Doc. Nos. 6, 8, 10, 12, 14, 16). None of those motions were based upon improper service.[2] Accordingly, the Court finds that Defendants waived the service requirement when their former attorney, Mr. Maupin, entered his appearance on their behalf.

B.      Substantial Federal Question

Plaintiffs state that two paragraphs of the Original Petition invoke the United States Constitution. Accordingly, Plaintiffs assert that the Original Petition included claims based upon the United States Constitution, which provided a basis for federal question jurisdiction under 28 U.S.C. §1441(b).

Specifically, Paragraph 29 of Count IV (Regulatory Taking) alleges:

> By adopting Ordinance #1175, Section IV-(G)-(1)(d) and/or refusing to approve the Variance Petition, the City fo Ladue prevented Plaintiffs from using and protecting their Property as they are allowed under the law and constitutes a denial of property right without just compensation within the meaning of the Missouri Constitution, Article 1, Sections 26 and 28, and the Fifth and Fourteenth Amendments to the United States Constitution.

---

[2]Although Defendants object strenuously that Mr. Maupin did not have apparent authority to appear on behalf of the individually named defendants (Sur-Reply, pp. 2-3), Defendants do not state why they did not file a motion to dismiss based upon lack of service. Netherthless, Defendants continue to argue that they never have been served properly. (Response in Opposition to Plaintiffs' Motion to Remand ("Response"), Doc. No. 25, p. 1). Under Defendants' position that an entry of appearance cannot waive service of process, it is difficult to understand when, if ever, the 30 day time period for removal began. This Court must resolve any doubts in favor of remand to state court. See In re Business Men's Assurance Co., 992 F.2d at 183.

(Original Petition, ¶29).

Likewise, Paragraph 32 of Count V (Inverse Condemnation) of Plaintiffs' Original Petition

states:

> City of Ladue's refusal to approve Plaintiffs' Petition for Variance and/or its adoption of Ordinance #1174, Section IV-(G)-(1)(d) constitutes a denial of property rights without justification within the meaning of the Missouri Constitution Article I, Sections 26 and 28 and the Fifth and Fourteen[th] Amendments of the United States Constitution."

(Original Petition, ¶32).

Defendants argue that the Amended Petition was the first document to raise a claim under 42

U.S.C. §1983. Defendants assert that the Original Petition does not raise federal questions based

upon a reading of the whole petition. Defendants note that Count IV is for a regulatory taking claim

for damages under, in part, the "Fifth and Fourteenth Amendments to the United States

Constitution," but there is no reference to 42 U.S.C. §1983, the federal statute that authorizes private

actions against municipalities for violations of the Fourteenth Amendment. (Response, p. 8) (citing

Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Chapman v. Houston Welfare Rights Org., 441

U.S. 600, 618 (1979)). Defendants assert that Count IV of the Original Petition is simply a "dressed

up claim for review of a local administrative decision under state law." (Response, p. 9). Similarly,

Defendants claim that the Inverse Condemnation claim (Count V) did not raise a federal question

because it is "a creature of *state* law." (Response, p. 9)(emphasis in original).

The Court finds that the Original Petition was removable, as pleaded. In both the Original

and Amended Petitions, Plaintiffs' claims for regulatory taking and inverse condemnation invoke the

United States Constitution. The alleged deprivation of Plaintiffs' property rights stated a substantial

federal question claim under the Constitution. In particular, Plaintiffs' inverse condemnation claim,

which seeks compensation for a government taking, rests upon the Fifth Amendment, even absent a state statutory creation. See First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 315 (1987) (quoting United States v. Clarke, 445 U.S. 253, 257 (1980)) ("a landowner is entitled to bring an action in inverse condemnation as a result of 'the self-executing character of the constitutional provision with respect to compensation . . . .'").[3] Simply because Plaintiffs included an additional count under 42 U.S.C. §1983 in the Amended Petition does not negate the substantial federal issue present in the Original Petition due to the alleged deprivation of Plaintiffs' property interests.

C.    Judicial Revival Doctrine

Defendants also claim that this case falls within the judicial revival doctrine because the Amended Petition "'so change[d] the nature of [the] action as to constitute substantially a new suit begun that day.'" (Response, p. 10 (quoting Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982)). Defendants note that the Amended Petition includes three new counts that "are premised upon different legal theories and ... seek a different form of relief-- namely attorneys' fees--than the Original Petition." (Response, p. 10).

The Court does not believe this is the type of case appropriate for judicial revival. The Amended Petition's relatively new legal theories are not so different that it initiated a new lawsuit. Defendants are overreaching when they claim that this lawsuit changed from a "routine state law petition for review of an administrative decision" to "an all out attack on the Constitutionality of the Ordinance...under three different Constitutional theories." The Court believes that the Amended

_____

[3]Although Defendants assert that an inverse condemnation is a creation of state law, Plaintiffs' Original Petition does not cite any state statute to support this claim. Rather, Plaintiffs invoked the Missouri and United States Constitutions. (Original Petition, ¶32). The Court finds this supports the position that Plaintiffs' Original Petition presented a substantial question of federal law, particularly with respect to Count V.

Petition merely flushes out the allegations from the Original Petition and a new lawsuit did not begin with the Amended Petition.

Thus, the Court finds that Defendants' removal of this action was untimely and remands it to the Circuit Court of the County of St. Louis. The Court, however, also finds that Defendants had an objectively reasonable basis for removing this case to federal court and denies Plaintiffs' request for attorneys' fees.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (Doc. No. 19) is **GRANTED**, in part. The Court grants Plaintiffs' request to remand this case to state court. The Court denies Plaintiffs' request for attorneys' fees.

**IT IS HEREBY FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this order.

Dated this <u>21st</u> day of December, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE